IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

    Plaintiff,

v.                                                                          No. 1:24-cv-00269-LF[1]

PROGRESSIVE CASUALTY INSURANCE COMPANY and
PROGRESSIVE NORTHERN INSURANCE COMPANY,

    Defendants

**MEMORANDUM OPINION AND ORDER**

    This case arises out of an accident caused by a vehicle operated by a "negligent driver" and "insured by Progressive." Complaint of Negligence, Harassment, and Unlawful Tort of Conversion, Doc. 1, filed March 19, 2024 ("Complaint"). Plaintiff alleges that "[t]here has been no effort by Progressive to make any medical payments, status payment, nor to pay for repairs to the car," but later states "Progressive offered ~$7,000 (Jan 24) to pay for the current ~$9000 of medical bills and unknown Car repair costs." Complaint at 2. Plaintiff alleges Progressive harassed Plaintiff by lying "to the plaintiff to avoid any payout for the financial responsibility," refusing to put Progressive's "issues in writing to avoid prosecution," to "impose an act of providing non-relative medical records for the illegal review of non-medically trained persons," to "illegally collect irrelevant, partial and decades old medical records to avoid payment," to

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed March 19, 2024. Plaintiff has paid the filing fee. *See* Doc. 4, filed March 20, 2024. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

"unlawful argue that Sexually Transmitted Disease (STD) privileged medical records is necessary to process the accident claim," and to "unlawfully attempt to exhort Mental health records are necessary for the claim."  Complaint at 4-5.

Plaintiff asserts claims of "negligence, harassment and unlawful tort of conversion" against Defendants "Progressive Casualty Insurance Company and Progressive Northern Insurance Company (here after referred to a Progressive)."  Complaint at 1.  Plaintiff also states:

> Other tort parties at the court's discretion
> ~United Services Automobile Association, insurance company
> ~MEDICARE
> ~Presbyterian Hospital (New Mexico_
> ~New Mexico Veteran Affairs and/or Department of Veteran Affairs

Complaint at 1.  The Court will not decide whether to add these additional entities as parties to this case.  *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant").  If Plaintiff wants to assert claims against these additional entities, he must file an amended complaint that names the additional entities as defendants.

The Complaint fails to state a claim for negligence.  "A negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury." *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22.  Progressive presumably had a contractual duty to the negligent driver and/or owner of the vehicle insured by Progressive.  Plaintiff has not cited any portions of the insurance policy or alleged any other facts showing that Progressive owed a duty to Plaintiff or describing the scope of and basis for any duty to Plaintiff.

The Complaint fails to state a claim for conversion. "Conversion is 'the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made.'" *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22. Plaintiff may be referring to the money Plaintiff believes Defendants owe to Plaintiff, but the Complaint does not allege any facts showing that Defendants unlawfully exercised dominion and control over any of Plaintiff's personal property.

The Complaint fails to state a claim for harassment. While harassing actions may support some causes of action, it is not clear that the harassing actions alleged by Plaintiff, by themselves, provide a right of action. There are no allegations in the Complaint showing that Progressive's alleged harassing actions violated a right that can be enforced by legal action.

While it appears the Complaint can be dismissed for failure to state a claim upon which relief can be granted, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court orders Plaintiff to file an amended complaint. The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**