IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY TURNER,

      Plaintiff,

v.                                                                            No. 1:24-cv-00269-LF

PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE NORTHERN INSURANCE COMPANY, and
UNITED SERVICES AUTOMOTIVE ASSOCIATION,

      Defendants

## **ORDER TO SHOW CAUSE**

Plaintiff was involved in a "vehicle crash." Amended Complaint of Unlawful Conduct and Resulting Tort, and Motion for Remedies Sought at 2, Doc. 8, filed April 8, 2024 ("Amended Complaint"). Defendants Progressive Casualty Insurance Company and Progressive Northern Insurance Company (together "Progressive") are "the insurer for the negligent driver" and insured the other vehicle. Amended Complaint at 2-3. Plaintiff does not identify or assert claims against the driver of the other vehicle. Defendant United Services Automotive Association ("USAA") "is the insurer for the plaintiff." Amended Complaint at 2.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,*
859 F.2d 842, 843 (10th Cir.1988).

The Amended Complaint does not contain "a short and plain statement of the grounds for
the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.
Plaintiff states only that "US District Court has jurisdiction over the parties." Amended Complaint
at 1.

There is no properly alleged federal-question jurisdiction because the Complaint does not
allege that this action "aris[es] under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's
> well-pleaded complaint must establish one of two things: either that federal law
> creates the cause of action or that the plaintiff's right to relief necessarily depends
> on resolution of a substantial question of federal law" . . . "The complaint must
> identify the statutory or constitutional provision under which the claim arises, and
> allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed. App'x. 773, 775 (10th Cir. 2014) (quoting *Firstenberg*
*v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*,
802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff states this case arises "from the unlawful acts concerning 12 U.S. Code § 5531 –
Prohibiting unfair, deceptive, or abusive acts or practices and 18 U.S. Code § 1031 – Major fraud
against the United States." Amended Complaint at 6. The Amended Complaint fails to show that
the Court has jurisdiction pursuant to 12 U.S.C. § 5531. *See* Section 1031 of the Dodd-Frank Wall
Street Reform and Consumer Protection Act, 124 Stat. 1376, codified at 12 U.S.C. § 5531.
Section 5531 describes the actions the Bureau of Consumer Financial Protection is authorized "to
take to prevent a covered person or service provider from committing or engaging in an unfair,
deceptive or abusive act or practice under Federal law in connection with any transaction with a

consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a).   Section 5531 does not create a private cause of action allowing individuals to enforce the provisions of the Dodd-Frank Act.   *See Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 472 (E.D.N.Y. 2015) (stating "courts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them").   Plaintiff has not pointed to any language in Section 5531 explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices.   The second federal statute cited in the Amended Complaint, 18 U.S. Code § 1031, also fails to establish the Court's jurisdiction because, as discussed below, it appears Plaintiff cannot bring claims on behalf of the United States and criminal statutes do not provide for private civil causes of action.

There is no properly alleged diversity jurisdiction.   Plaintiff, who resides in New Mexico, alleges that Defendants are "headquartered out of state, [but] operate[] offices inside and outside New Mexico, and have personnel (employees) operating in and out of New Mexico."   Amended Complaint at 1.   To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."   *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).   "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."   *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).   The Amended Complaint does not show that Defendants are citizens of states other than New Mexico.   *See, for example, Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file a second amended complaint.

**Stating a Claim**

Plaintiff asserts a "tort" claim against Defendants Progressive stating:

1)      Progressive Casualty Insurance company has a duty (financial responsibility) for the damages stemming from the accident due to the vehicle being insured via Progressive insurance companies.

2)      Progressive breached the financial responsibility duty by not paying any bills provided. As of this writing no payments have been made.

3)      Progressive breached the financial responsibility duty by offering settlements (2) amounts less than the total due for medical expenses.

Amended Complaint at 3. The Amended Complaint fails to state a claim for negligence because there are no factual allegations showing that Progressive has a duty to Plaintiff. *See Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22 ("A negligence claim requires that the plaintiff establish four elements: (1) defendant's duty *to the plaintiff*, (2) breach of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury") (emphasis added). Conclusory allegations, such as "Defendant has a duty because Defendant insured the vehicle," without factual allegations showing Defendant had a duty to Plaintiff are insufficient to state a negligence claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[c]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). The Amended Complaint fails to state a breach of contract claim because there are no factual allegations supporting Plaintiff's conclusory allegation that Progressive had a contractual obligation to pay the full amount of Plaintiff's damages claims.

*See McLaughlin v. Santa Fe Community College*, 2023 WL 7018418 *3 (N.M. Ct. App.) ("In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages") (citing *Cent. Mkt., Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 38, 508 P.3d 924). While it appears that Defendants Progressive may have a duty to the driver/owner of the vehicle they insured, whom Plaintiff has not named as a Defendant, there are no factual allegations describing Progressive's duty to pay Plaintiff damages. *See Gallagher v. Continental Ins. Co.*, 502 F.2d 827, 833 (10th Cir. 1974) ("We have held that the right of a third-party to sue on a contract made for his benefit requires that the right be apparent from the express provisions of the contract and that the benefit cannot be incidental 'but must be a direct benefit intended by the contracting parties to accrue in favor of the third party'").

Plaintiff asks the Court to "order USAA pay for the court confirmed amounts of the medical costs and vehicle repair costs, and thus allow USAA to attempt getting financial compensation from 3rd parties as USAA deems fit." Amended Complaint at 11. The only factual allegations regarding USAA state:

> USAA has the financial responsibility protecting its insured driver and vehicle via insurance contract [current contract 2024 Exh 16] is the insurance, and having contracted with the plaintiff to cover full coverage (damage and medical) and uninsured Motorist Insurance [Exh 16]. At the point of the involvement of Progressive insurance, the Plaintiff and USAA thought the matter would be completely handled. To this day, plaintiff has not given USAA the additional details of the accident such as MEDICARE paid bills and vehicle repair costs. I fully expect a demand letter from USAA to the plaintiff, as the plaintiff will obviously comply. USAA denies in 2023 that they "totaled" the vehicle as the Carfax online research company states.
> . . . .
> The concise medical records from the date of the accident are available to Progressive and had been given to progressive by both USAA and Presbyterian . . . .

Amended Complaint at 2, ¶ 5; 10, ¶ 24.  The Amended Complaint fails to state a claim against USAA because there are no allegations describing what Defendant USAA did and how it harmed Plaintiff.  *See*, *for example*, *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff has not named the allegedly negligent driver or the owner of the other vehicle involved in the crash as defendants.  Rule 19(a) of the Federal Rules of Civil Procedure provides:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  Rule 19(b) provides in part that: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(a); *see Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) ("The issue of indispensability, generally, is not waivable, and is one which courts have an independent duty to raise *sua sponte*").  Under New Mexico law, a person is an indispensable party if that "person's interests are necessarily affected by the judgement." *State Farm Mut. Auto. Ins. Co. v. Foundation Reserve Ins. Co.*, 1967-

NMSC-197, ¶ 32.  It appears that the driver and/or owner of the other vehicle may have interests that would necessarily be affected by a judgment in this case and that the absence of the driver/owner from this case may present a risk of subjecting Progressive to a double or inconsistent obligations because of the driver/owner's interest.

The Court orders Plaintiff to show cause why the Court should not dismiss the claims against Progressive and USAA for failure to state a claim and to file a second amended complaint containing allegations addressing the deficiencies regarding Plaintiff's claims against Defendants Progressive and USAA.  The response to this Order must also: (i) address whether the driver/owner of the other vehicle has interests that would necessarily be affected by a judgment in this case; (ii) explain why Plaintiff has not named the driver/owner of the other vehicle as a defendant in this case; (iii) identify any other lawsuits Plaintiff has filed in state or federal court dealing with the same facts involved with this case; and (iv) describe any settlement or other agreements between Plaintiff and the driver/owner of the other vehicle.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"); *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

**Asserting Claims on Behalf of the United States**

Although the Amended Complaint does not name the United States as a plaintiff, it appears Plaintiff may be asserting claims on behalf of the United States because Plaintiff states he is "the chief plaintiff," alleges Progressive "acted overtly to defraud the federal government," "believes

7

that a federal court should preside over issues financially impacting the federal government," and asserts this case arises from unlawful acts "concerning . . . . 18 U.S. Code § 1031 – Major fraud against the United States."  Amended Complaint at 1, 4, 6.

It does not appear that Plaintiff can assert claims on behalf of the United States.  Plaintiff is proceeding *pro se* and is not a licensed attorney admitted to practice in the District of New Mexico.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer"); *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89 (2d Cir. 2008) (stating that the proposition, that private parties cannot bring *qui tam* actions *pro se,* is a sound one, and noting that the Second Circuit has "cit[ed] with approval cases in which other courts of appeals have concluded that a *pro se* plaintiff who is not a lawyer cannot bring a *qui tam* action under the [False Claims] Act").

Furthermore, the Amended Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 1031, Major fraud against the United States, because 18 U.S.C. § 1031 is a criminal statute.  "[C]riminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court orders Plaintiff to show cause why the Court should not dismiss the claims Plaintiff appears to be asserting on behalf of the United States.  If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file a second amended complaint.

IT IS ORDERED that Plaintiff shall, by May 24, 2024: (i) show cause why the Court should not dismiss Plaintiff's claims; and (ii) file a second amended complaint.  Failure to timely show cause and file a second amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE