**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WESLEY TURNER,

Plaintiff,

v. No. 1:24-cv-00269-KWR-LF

PROGRESSIVE CASUALTY INSURANCE COMPANY,
PROGRESSIVE NORTHERN INSURANCE COMPANY, and
UNITED SERVICES AUTOMOTIVE ASSOCIATION,

Defendants

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff was involved in a "vehicle crash." Amended Complaint of Unlawful Conduct and Resulting Tort, and Motion for Remedies Sought at 2, Doc. 8, filed April 8, 2024 ("Amended Complaint"). Defendants Progressive Casualty Insurance Company and Progressive Northern Insurance Company (together "Progressive") are "the insurer for the negligent driver" and insured the other vehicle. Amended Complaint at 2-3. Plaintiff does not identify or assert claims against the driver of the other vehicle. Defendant United Services Automotive Association ("USAA") "is the insurer for the plaintiff." Amended Complaint at 2.

United States Magistrate Judge Laura Fashing notified Plaintiff:

> The Amended Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Plaintiff states only that "US District Court has jurisdiction over the parties." Amended Complaint at 1.
>
> There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
>
>> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the

> plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff states this case arises "from the unlawful acts concerning 12 U.S. Code § 5531 – Prohibiting unfair, deceptive, or abusive acts or practices and 18 U.S. Code § 1031 – Major fraud against the United States." Amended Complaint at 6. The Amended Complaint fails to show that the Court has jurisdiction pursuant to 12 U.S.C. § 5531. *See* Section 1031 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 124 Stat. 1376, codified at 12 U.S.C. § 5531. Section 5531 describes the actions the Bureau of Consumer Financial Protection is authorized "to take to prevent a covered person or service provider from committing or engaging in an unfair, deceptive or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). Section 5531 does not create a private cause of action allowing individuals to enforce the provisions of the Dodd-Frank Act. *See Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 472 (E.D.N.Y. 2015) (stating "courts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them"). Plaintiff has not pointed to any language in Section 5531 explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices. The second federal statute cited in the Amended Complaint, 18 U.S. Code § 1031, also fails to establish the Court's jurisdiction because, as discussed below, it appears Plaintiff cannot bring claims on behalf of the United States and criminal statutes do not provide for private civil causes of action.

There is no properly alleged diversity jurisdiction. Plaintiff, who resides in New Mexico, alleges that Defendants are "headquartered out of state, [but] operate[] offices inside and outside New Mexico, and have personnel (employees) operating in and out of New Mexico." Amended Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Amended Complaint does not show that Defendants are citizens of states other than New Mexico. *See, for example, Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) ("in determining the citizenship of an unincorporated

> association for purposes of diversity, federal courts must include all the entities' members").

Amended Order to Show Cause at 2-3, Doc. 10, filed May 10, 2024 (also notifying Plaintiff that the Amended Complaint failed to state claims).

Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file a second amended complaint. *See* Amended Order to Show Cause at 9. Judge Fashing also notified Plaintiff that failure to timely show cause and file a second amended complaint may result in dismissal of this case. *See id.* Plaintiff did not show cause, file a second amended complaint or otherwise respond to the Amended Order to Show Cause by the May 24, 2024, deadline.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action") ; *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**/S/ KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**